

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Norris
County Auditor, Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-3446
Re: When a county attorney
volunteers and joins the
army for one year, can
the commissioners' court
appoint an assistant re-
commended or appointed by
the county attorney whose
pay will be $1.00 per year
from the county and con-
tinue to pay the present
county attorney his salary
and let him compensate his
assistant and other related
questions?

This is to acknowledge receipt of your recent letter in
which you ask our opinion on various questions similar to the
one listed above.

We are apprised by the Comptroller's Department that
Polk County has a population of 20,635, according to the 1940
census, and that your county officials were placed on the
salary system on January 1, 1941. The appointment of assistants
for the county attorney of such county is therefore controlled
by the provisions of Article 3902, Vernon's Annotated Civil
Statutes. We quote the applicable portions of the statute:

"Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commissioners'
Court of his county for authority to appoint such

Hon. Fred Norris, page 2

deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid.  Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office.  Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out.  The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1.  In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each."

Thus we see that the commissioners' court is empowered to either authorize your county attorney to appoint an assistant or to reject his application for such authority, as the majority of the court may deem wise and proper.  In case the court determines that an assistant should be allowed, neither the court nor any member thereof has any power over naming the individual. Tarrant County v. Smith (Tex. Civ. App.) 81 S. W. (2nd) 537; State v. Johnson (Tex. Civ. App.) 52 S. W. (2d) 110.

In allowing the county attorney the services of an assistant, or assistants, if your commissioners' court does so, the salary to be paid by the county should be fixed in the order;

Hon. Fred Norris, page 3


in the court's discretion the salary may not "exceed" the amount stated in Article 3902, supra. As no minimum is prescribed, there is no prohibition of a salary as low as $1.00 per year. The amount of the salary would rest within the discretion of the court.

We know of no reason based upon any provision of the statutes or Constitution which would preclude the county attorney from paying his assistant additional compensation from his own funds. Such matter would be in the nature of a private contract between the parties.

Your next question is whether an assistant county attorney is required to make bond. While the statutes provide that certain deputies, employees and assistants shall give bonds, (e. g., sheriffs, Art. 6870, Revised Civil Statutes, 1925; tax collectors, Art. 6881, etc.), we find no such requirement as to assistants county attorney. While Article 351, Revised Civil Statutes, 1925, requires assistants county attorney to have the same "qualifications" as their principals, we think it clear the term has reference to the "qualifications" required of such county attorneys listed under Article 332, i.e., shall be duly licensed as an attorney and must reside in the county where serving. Therefore, you are advised that in our opinion such assistant may not be required to make bond.

Your next wish to know whether, if the county attorney joins the army, he could require the payment of his salary; also the salary of his assistant; also, whether the act of joining the army would be a sufficient vacation of the office that the commissioners' court could declare the office vacant and appoint a new county attorney.

Clearly, if the office is vacated by such action on the part of the county attorney, the county would not owe the salary to either the principal or to the assistant. On the other hand, if the office is not vacated, if the county attorney retains the same, though enlisted in the army, he would be entitled to its emoluments. Therefore the all important question is whether the commissioners' court is authorized to declare a vacancy and make an appointment.

In the case of Hamilton v. King (Tex.Civ.App., 1918), 206 S. W. 953, appellant Hamilton was the duly elected county attorney of Sabine County, had entered upon the duties of his office and had appointed a deputy. He was inducted into the army in

March, 1918? In September of the same year the commissioners'
court declared the office vacant and appointed appellee King
county attorney, notwithstanding that Hamilton's assistant
had at all times discharged (during appellant's absence) the
duties of the office. We quote pertinent parts of the court's
opinion:

> ". . There can be no doubt of the correct-
> ness of the contention made by appellant that the
> commissioners' court of a county in this state
> has no authority or power to remove from office
> any county official or to declare a vacancy in
> any such office, but such authority seems to be
> vested alone in the district court. Constitution
> of the State of Texas, Art. 5 § 24. It is pro-
> vided by Section 21 of the same Article of the
> Constitution, however, that, in case of a vacancy
> in the office of county attorney, the commission-
> ers' court of such county shall have power to ap-
> point a county attorney until the next general
> election. See also, Ehlinger v. Rankin, 9 Tex.
> Civ. App. 424, 20 S. W. 240. The question here to
> be determined is, not whether the commissioners'
> court of Sabine County was authorized to declare
> a vacancy in the office of county attorney of
> Sabine County, but the question is: Was there a
> vacancy in such office to be filled by that court
> by appointment at the time it undertook to do so
> by appointing the appellee to such office, and
> was such vacancy shown by the pleadings in this
> case?

> "As stated above, it is alleged by appellant
> that he was a citizen of Sabine County, and that
> he was only temporarily absent from the county,
> and that he had never been in any manner impeached
> by any competent authority, nor his office declared
> vacant by any authorized tribunal, and that the
> duties of the office were still being discharged
> by him through his legally constituted assistant.
> On the other hand, the showing made by appellee
> in his answer was, not that appellant had removed
> permanently from Sabine County, but simply that he
> was absent from the county at the time of the action
> of the commissioners' court in declaring the office

Hon. Fred Norris, page 5

vacant and appointing appellee therto, and that appellant had been so absent from said county since March before such action on the part of the commissioners' court in September following, and that such absence was caused by the fact that appellant had been inducted involuntarily into the Army of the United States. This allegation of the answer showed,of course, that appellant was actually absent from Sabine County at the time of such action on the part of the commissioners' court; but as to how long such absence would continue was not shown, nor was any fact alleged in the answer from which the duration of appellant's absence could be determined, other than the statement that he was in the military service of the United States involuntarily.

"After very careful investigation, we have been unable to find any statute of this state or provision of the Constitution which declares that an absence from the county of one of its officials, who shall be engaged as a private soldier in the Army of the United States, shall create a vacancy in the office of such official; and, in the absence of any such provision, we are of the opinion that the commissioners' court in this instance had no authority to declare the office of county attorney vacant, and to appoint appellee thereto, but that, in the absence of such provision, the authority to determine and declare such question was vested in the district court of Sabine County.

"* * *

"And so, it must be said here that the mere involuntary absence of appellant from Sabine County, as alleged in the answer of appellee, with no further statement as to the duration or probable duration of that absence, did not, in our opinion, show a vacancy in the office of the county attorney and authorizing the commissioners' court to appoint appellee to that office. We would not be understood as holding that the facts and circumstances touching appellant's absence from said county under such circumstances might not be shown to be such as to authorize the district court of that county to declare the office of county attorney vacant; such a showing has not been made by the

Hon. Fred Norris, page 6

pleadings in this case upon which alone the district judge cited in denying the temporary injunction, and for that reason we are of the opinion that, as the pleadings stood, appellant was entitled to the writ as prayed for, and that the district judge erred in denying same." (Underscoring ours)

It is our opinion that under the facts submitted by you, the commissioners' court of Polk County may not declare that a vacancy exists in the office of county attorney upon his merely entering the army, and appoint a successor to the present incumbent.

It is our further opinion that under Section 24 of Article 5 of the Constitution of Texas and Articles 5970, et seq., Vernon's Annotated Civil Statutes, jurisdiction to determine the matter of vacancy in the office of county attorney is vested in the district court. The suit is in the nature of a quo warranto and must be instituted and conducted in the name of the State of Texas by or under the direction of the district attorney. State v. Starnes (T.C.A.), 246 S. W. 424; Reeves v. State (T.C.A.) 258 S. W. 577; Johnson v. Mooney (T.C.A.) 241 S. W. 308.

You are further advised that until a vacancy is established, both the county attorney and his assistant are entitled to their pay from the county; the county attorney to his established statutory salary and the assistant to the salary fixed by the court under the provisions of Article 3902, supra.

Trusting the above satisfactorily answers your inquiry, we are

APPROVED MAY 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BW:N

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN